[No. 4154.]

## CURRY v. EQUITABLE SURETY COMPANY.

APPEAL AND ERROR—*Remand—Time of Application.* Under the statute (Laws 1911, c. 107, sec. 5) thirty days is allowed to either party to a cause transferred to this court, in which to apply for a remand of the same to the Supreme Court. Failure to apply within the prescribed period bars the right, whatever may be the reason of the failure. This court has no discretion in the premises. (474)

*Error to Denver District Court.* HON. J. H. TELLER, Judge.

MESSRS. BARNETT & CAMPBELL, MR. JOSHUA GROZIER for plaintiff in error.

No appearance for defendant in error.

*Opinion Per Curiam.*

The above case reached this court in due course, under assignment from the Supreme Court, under § 5, page 268, Session Laws 1911, of the act creating the Court of Appeals.

Within the required time the clerk of this court, by registered mail, notified Barnett & Campbell, attorneys of record for plaintiff in error, of the transfer. Joshua Grozier is also attorney of record, but the former names appear first on the record. No application to remand the case to the Supreme Court was filed by plaintiff in error within thirty days from the date of the notice, as provided by the statute. The notice was mailed October 12th, and registered receipt, signed by Barnett & Campbell, was returned to the clerk by the Post-office Department, showing delivery of the notice to that firm on October 14th. The date of the notice does not appear, but it must necessarily have been on October 12th or prior to that time.

November 12th a motion to remand was filed with the clerk of the court, signed by all the attorneys of record for plaintiff in error. The motion, however, reads in part as follows:

"Now comes the plaintiff in error, by Joshua Grozier, one of his attorneys," etc.

It appears from the motion that Grozier had devoted more attention to this case than his colleagues; that he never had notice until the time he filed his motion, that the cause had been transferred from the Supreme Court to the Court of Appeals; that the case is the outgrowth of cause No. 8160, then in the Supreme Court, entitled *Curry v. Trinkle Automobile Co., et al.;* that it would be to the interest of all parties concerned to have the two cases argued together in the Supreme Court; and that, immediately upon learning of the transfer from the Supreme Court, this motion was filed.

Said § 5 reads in part as follows:

"And immediately upon such assignment and transfer of causes so pending on error, the clerk of the Court of Appeals, shall, by registered mail, notify the parties to each of said

causes or their attorneys of record, of such transfer, and advise them that unless within thirty days from the date of said notice a petition be filed requesting that the same be remanded to the Supreme Court, a waiver by consent will be conclusively presumed of the right or privilege, if any such right or privilege exists, to a hearing and determination of the writ of error by the Supreme Court. * * * But in all cases pending on error thus transferred, wherein no such petition be filed within the 30 days mentioned in the notice, the decision of the Court of Appeals shall, with the exceptions specified in section 6 of this act, be final and conclusive."

There are some matters appearing in the motion, which, if resting in the discretion of the court, would be somewhat persuasive, but we think the legislature has removed from this court the right to exercise any discretion in the consideration of the petition. The statute reserves the right, in either party to the action, to effect a return to the Supreme Court of any case so transferred, by simply filing a petition requesting the same, but at the same time expressly provides that in the absence of such petition consent to the transfer will be conclusively presumed.

The failure of plaintiff in error to file such petition to remand within the time provided, whatever the reasons for such failure may be, bars him from the right to remand, unless within certain exceptions stated in the statute, and leaves the court without jurisdiction to grant the petition.

The motion will be denied.